

**UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION**

CLIFFORD D. LATHAM                                CIVIL ACTION NO: 11-0597

VERSUS                                           JUDGE DONALD E. WALTER

CITY OF BOSSIER CITY, ET. AL.                    MAGISTRATE JUDGE HORNSBY

## MEMORANDUM RULING

Before the Court is a Motion for Summary Judgment filed on behalf of Defendants PNK (Bossier City), Inc., d/b/a/ Boomtown Bossier City ("Boomtown"), Kelly Willis ("Willis"), and Carol Robinson ("Robinson"). [Doc. #28]. Plaintiff, Clifford D. Latham, opposes the motion. [Doc. #33]. For the reasons assigned herein, Defendants' Motion for Summary Judgment [Doc. #28] is **GRANTED**. Plaintiff's claims against these named Defendants are **DISMISSED WITH PREJUDICE**.

## STATEMENT OF THE CASE

Plaintiff filed this lawsuit against Boomtown, Willis and Robinson (employees of Boomtown), the City of Bossier City, Louisiana and two of its police officers, Matthew Faulkner ("Faulkner") and Ken Johnson ("Johnson"), as well as one of its jailers, Earnest Cook. [Doc. #27]. Plaintiff asserts state law claims for negligence and various violations of 42 U.S.C. § 1983.

On April 16, 2010, at approximately 5:15 a.m., Plaintiff was ejected from Boomtown casino for allegedly being intoxicated and causing a disturbance by cursing at a dealer and pit boss. Plaintiff denies this characterization of events. Willis, in her capacity as a Boomtown security guard, approached Plaintiff and asked him to vacate the premises. Willis gave the Plaintiff two options – call a taxi or have a friend come pick him up. According to Willis, Plaintiff responded to this

statement by becoming "extremely loud"; so much so that people on the second floor gaming area stopped what they were doing to see what was going on. [Willis deposition at 41]. Willis informed Plaintiff that if he continued to refuse to leave the casino the police would be called to assist in removing him from the property. At some point during her conversation with Plaintiff Willis radioed Robinson, who was working dispatch, to call the Bossier City Police Department.[1] Robinson followed Willis' direction and called the police.

Willis was eventually successful in persuading Plaintiff that it was in his best interest to vacate the premises. Willis, with the assistance of two additional security guards, escorted Plaintiff first to the cashier's cage to cash out his chips and then to the casino exit. According to Willis, Plaintiff continued to be belligerent and loud while being escorted to the exit. A review of the video footage reflects that Plaintiff appears to continue to argue his case to the security guards as he walked to the valet entrance of the casino, and for the several minutes he stood outside before the police officers arrived. Plaintiff contested the reasonableness of Boomtown's policy that required him to leave the premises in a taxi rather than walking to a nearby casino where he had rented a room. At some point during the walk to the casino exit Plaintiff finally agreed to take a cab. Willis contacted Robinson a second time and asked that she cancel the call to the police and call a cab instead. Robinson stated in her deposition that she did not cancel the call to the police because by that time they had arrived on the scene.

Plaintiff alleges that when Bossier City Police Officers Faulkner and Johnson arrived at the valet entrance of the casino they immediately began quizzing him about his identity. Plaintiff

---

[1] It is unclear exactly when the first call to the police was placed. However, during her deposition Willis agreed with Plaintiff's counsel that it is accurate to say that the initial call to the police was placed "while Plaintiff's chips were still on the table". [Willis Deposition at 51].

responded to the questioning by stating that he was waiting for a taxi. Officer Johnson directed Plaintiff to move to the front of his patrol car. Plaintiff responded by asking the officers if there was a problem. When the Plaintiff did not comply with Johnson's second request, Johnson and Faulkner considered Plaintiff to be noncompliant. Plaintiff alleges that Johnson and Faulkner grabbed him and forcibly slammed his body and face onto the hood of Johnson's patrol car. Plaintiff claims that when he was slammed into the patrol car his knee was rammed into the bumper, causing immediate pain and serious injury. Plaintiff was placed under arrest for public intoxication and disturbing the public and was taken to the Bossier City jail for processing.

## SUMMARY JUDGMENT STANDARD

Federal Rule of Civil Procedure 56(a) directs that a court "shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."[2] A fact is "material" if it may affect the outcome of the suit under governing law. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). A dispute is "genuine" if there is sufficient evidence so that a reasonable jury could return a verdict for either party. *Id.* The court must "review the facts drawing all inferences most favorable to the party opposing the motion." *Reid v. State Farm Mutual Auto Insurance Co.*, 784 F.2d 577, 578 (5th Cir. 1986).

The moving party bears the initial responsibility of informing the court of the basis for its motion, and identifying those parts of the record that it believes demonstrate the absence of a genuine

---

[2] Rule 56 was amended effective December 1, 2010. Per the comments, the 2010 amendment was intended "to improve the procedures for presenting and deciding summary-judgment motions and to make the procedures more consistent with those already used in many courts. The standard for granting summary judgment remains unchanged." Therefore, the case law applicable to Rule 56 prior to its amendment remains authoritative, and this court will rely on it accordingly.

dispute as to any material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986); *Lawrence v. Univ. of Tex. Med. Branch at Galveston*, 163 F.3d 309 (5th Cir. 1999). The moving party need not produce evidence to negate the elements of the non-moving party's case, but need only point out the absence of evidence supporting the non-moving party's case. *Celotex Corp.*, 477 U.S. at 325; *Lawrence*, 163 F.3d at 311.

Once the moving party carries its initial burden, the burden then falls upon the non-moving party to demonstrate the existence of a genuine dispute as to a material fact. *Matsushita Electrical Industrial Co. v. Zenith Radio Corp.*, 475 U.S. 574 (1986). This burden is not satisfied with some metaphysical doubt as to the material facts, by conclusory or unsubstantiated allegations, or by a mere scintilla of evidence. *Little v. Liquid Air. Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994) (citations omitted). The non-moving party "must go beyond the pleadings and designate specific facts in the record showing that there is a genuine issue for trial." *Wallace v. Texas Tech. Univ.*, 80 F.3d 1042, 1047 (5th Cir. 1996) (citations omitted).

Pursuant to Local Rule 56.1, the moving party shall file a short and concise statement of the material facts as to which it contends there is no genuine issue to be tried.  Local Rule 56.2 requires that a party opposing the motion for summary judgment set forth a "short and concise statement of the material facts as to which there exists a genuine issue to be tried."  All material facts set forth in the statement required to be served by the moving party "will be deemed admitted, for purposes of the motion, unless controverted as required by this rule." Local Rule 56.2.

## LAW AND ANALYSIS

Plaintiff alleges that Willis and Robinson are liable under 42 U.S.C. § 1983 for false arrest and excessive force in violation of his civil rights.  Plaintiff alleges that Willis and Robinson are

properly deemed to be acting under the color of law because of their cooperation and assistance to the Bossier City police. Plaintiff also contends that Willis and Robinson are culpable for false arrest and excessive force because they had reason to believe that Plaintiff was not in violation of any law, but failed to intercede to stop his arrest without probable cause. In addition to his federal claims, Plaintiff asserts state law negligence claims against Willis and Robinson under Louisiana Civil Code article 2315 for failing to call him a cab instead of the police, failing to intervene on his behalf to the police, and failing to truthfully inform the police of the facts surrounding his ejection from the casino.

Plaintiff also asserts claims under 42 U.S.C. § 1983 against Boomtown under the theory of respondeat superior for the alleged violations of Willis and Robinson. Additionally, Plaintiff alleges that Boomtown has a practice and policy of ejecting patrons whom its employees consider to be causing a nuisance, but who are not necessarily violating the law. Plaintiff also asserts that Boomtown failed to properly train its employees on false arrest and the use of excessive force.

## A.     Plaintiff's 42 U.S.C. § 1983 Claims

To hold a private party liable pursuant to 42 U.S.C. § 1983 a plaintiff must demonstrate that the conduct alleged to form the basis of the constitutional deprivation constitutes a state action under the color of law. *Morris v. Dillard Department Stores, Inc.*, 277 F.3d 743 (5th Cir. 2001). The 'under the color of law' element excludes merely private conduct, no matter how discriminatory or wrongful. *See American Mfrs. Mut. Ins. Co. v. Sullivan*, 526 U.S. 40, 49-50 (1999).

The Supreme Court has employed various tests for deciding whether a private actor's conduct may fairly be considered under the color of law pursuant to 42 U.S.C. § 1983. *See Cornish v.*

*Correctional Services Corp.*, 402 F.3d 545, 549 (5th Cir. 2005).[3]   The Fifth Circuit utilizes the "nexus or state action test". *Morris*, 277 F.3d at 748.[4]   To subject a merchant to liability a plaintiff must demonstrate that the police and the merchant were acting "in concert" and that the two had a customary plan that would result in detention. *Id. citing Smith v. Brookshires Bros., Inc.*, 519 F.2d 93, 94-95 (5th Cir. 1975).   A merchant will not be held to be a state actor unless the responding police officer relies exclusively on the suspicions of the merchant in committing the claimed deprivation of civil rights. *Id.; citing Bartholomew v. Lee*, 889 F.2d 62, 63 (5th Cir. 1989).   Stated another way, a merchant is properly considered a state actor only when police arrest a suspect simply because he was designated for arrest by an employee of the merchant. *Id.; citing Hernandez v. Schwegmann Bros. Giant Supermarkets, Inc.*, 673 F.2d 771, 772 (5th Cir. 1982) (per curium).   An officer's partial reliance on the report of a merchant's employee is insufficient to create a state action

---

[3] The Supreme Court has not resolved whether the various tests are different in operation or whether they are merely different characterizations of the same inquiry. *Lugar v. Edmondson Oil Co., Inc.*, 457 U.S. 922, 939 (1982).

[4] Plaintiff argues in his opposition that this court should employ the "joint activity test" to determine whether Defendants' conduct should be considered under the color of law. [Doc. #33; citing *U.S. v. Price*, 383 U.S. 787 (1966)]. The "joint activity test" involves an inquiry into whether a private individual willingly participated in joint activity with the state or its agents. *Price,* 383 U.S. at 794. This court does not analyze this issue under the "joint activity test" because the Fifth Circuit has consistently employed the "nexus or state action test" to determine whether a private entity is subject to 42 U.S.C. § 1983 liability under facts similar to this case. However, even if the Court were to analyze the issue under the "joint activity test" the Defendants would still prevail because Officers Faulkner and Johnson testified in their depositions that they determined that probable cause existed to arrest Plaintiff based on their personal observations. [Faulkner deposition at 255; Johnson deposition at 115-116]. Boomtown's telephone call to report a disruptive patron is insufficient to demonstrate that Willis or Robinson engaged in "joint activity" with the police officers to arrest Plaintiff in violation of his constitutional rights. Further, a private citizen does not become a state actor simply by giving information to law enforcement officers, even if the citizen knew that the information given to police officers was false. *See Guillot v. Coastal Commerce Bank*, 2010 WL 4812959 (E.D. La. 2010).

where the police officer conducted an independent investigation of the crime. *Id.; citing Bartholomew*, 889 F.2d at 63. The Fifth Circuit is clear that a merchant will not be subjected to 1983 liability unless the responding police officer failed to conduct an independent investigation. *Id.* at 750. Evidence of an independent investigation may include the interview of the merchant's employee, independent observation of the suspect, and the officer's written police report. *Id.*

Plaintiff alleges that Boomtown and the Bossier City Police Department have a practice or policy of working together to remove "nuisance patrons" from the casino, which frequently leads to an arrest. [Complaint at 9-10]. Defendants counter in their Motion for Summary Judgment that Plaintiff has presented absolutely no evidence of a preconceived or pre-existing plan between Boomtown and the Bossier City Police Department to arrest nuisance or disorderly patrons simply because Boomtown says to do so. The Court agrees and notes that the evidence supplied by the Plaintiff reflects that Boomtown's official policy is to only call the police for assistance after all other efforts to control a disorderly guest have been exhausted. [Doc. #34, Ex. 33]. Officer Johnson specifically denied that Bossier City police officers follow a special protocol when responding to calls from Boomtown, and affirmed that the procedures followed when responding to a call from Boomtown are the same as any other establishment. [Johnson Deposition at 43].

Additionally, Defendants point to competent summary judgment evidence sufficient to demonstrate that Faulkner and Johnson conducted an independent investigation when they arrived on the scene. Before Plaintiff was arrested Johnson had a conversation with Willis, which is visible on the police dash camera footage provided by the Plaintiff. [Doc. #28, Ex. C]. Both Johnson and Faulkner testified that prior to Plaintiff's arrest they had the opportunity to speak with the Plaintiff

and personally observe his actions, which provided sufficient information to determine that probable cause existed for Plaintiff's arrest. [Johnson Deposition at 115; Faulkner Deposition at 120].[5] These actions are sufficient to preclude a finding that Willis or Robinson were acting under the color of law, and therefore, Willis and Robinson cannot be held liable under 42 U.S.C. § 1983.   Because neither Willis or Robinson can be found liable, Boomtown cannot be liable under the theory of respondeat superior.  Accordingly, Plaintiff's 42 U.S.C. § 1983 claims against Boomtown, Willis, and Robinson are dismissed with prejudice.

**B.     Plaintiff's State Law Claims** [6]

In addition to his federal claims, Plaintiff asserts claims against Willis and Robinson under Louisiana Civil Code article 2315 for false arrest, false imprisonment, excessive force, and failure to intervene on his behalf.  Plaintiff also asserts claims against Boomtown via respondeat superior and  for its alleged failure to supervise and train Willis and Robinson concerning the use of police assistance to eject casino patrons and the resulting interactions with police.

Plaintiff's negligence claims premised on false arrest, false imprisonment, and excessive

---

[5] Whether probable cause actually existed to warrant Plaintiff's arrest is immaterial to the determination of whether Boomtown, Willis, and Robinson were acting under the color of law. Probable cause is only relevant to this Court's inquiry regarding the 42 U.S.C. § 1983 liability of Johnson, Faulkner, and the Bossier City Police Department.

[6] Plaintiff's claims of negligence per se premised on alleged violations of the Louisiana Gaming Control Law, set forth in the Louisiana Revised Statutes Title 27, will not be considered because they were improperly raised in the first instance in Plaintiff's opposition to summary judgment.   In the interests of justice the court construes new claims raised in a opposition as an out of time motion to amend the pleadings. *Morin v. Moore*, 309 F.3d 316, 323 (5th Cir. 2002). The original deadline to amend pleadings expired on November 9, 2011. [Doc. #8].  On March 30, 2012, this court granted a motion by Plaintiff to amend pleadings beyond the deadline, and the Amended Complaint did not contain claims of negligence per se.  [Doc. #26].  The Plaintiff will not be allowed to raise a new legal claim at this juncture.

force are without merit. As discussed *supra*, neither Willis nor Robinson were acting under the color of law when they escorted Plaintiff to the front door of the casino. All of the actions associated with these alleged claims were committed by the police officers who arrived on the scene, not Willis or Robinson. Therefore, the court finds as a matter of law that Plaintiff cannot establish these claims and they must be dismissed.

Plaintiff's negligence claim against Willis and Robinson for their failure to intervene and protect the Plaintiff must also be dismissed. To establish a claim of negligence a plaintiff is required to demonstrate that a defendant owed him a legal duty of care. There is simply no legal duty for a bystander or layman to intervene in a police matter to protect an individual, regardless of the circumstance. Plaintiff has provided no case law on point to support his theory. Accordingly, the court finds as a matter of law that Plaintiff cannot establish such a claim, and it will be dismissed.

Because the court finds that neither Willis nor Robinson may be held liable for negligence, Plaintiff's dependent claims against Boomtown under the theory of respondeat superior must also fail. The court will also dismiss Plaintiff's claim that Boomtown allegedly failed to properly train or supervise its employees regarding the use of police assistance to eject nuisance patrons from its premises and the resulting false arrests and/or excessive force by police that often follow. As discussed *supra*, both the exercise of force and the decision to arrest are decisions made solely by the police officers on the scene. The court fails to see a duty on the part of Boomtown to train its employees on police procedures.

## CONCLUSION

For the reasons stated herein, Plaintiff's claims against PNK Bossier City, Inc. d/b/a

Boomtown Bossier City, Kelly Willis, and Carol Robinson are **DISMISSED WITH PREJUDICE**.

**THUS DONE AND SIGNED**, this __19__ day of September, 2012.

DONALD E. WALTER
UNITED STATES DISTRICT JUDGE

10